O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOIS COMBS, | ) | NO. CV 06-5888-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA S. McMAHON, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION[1], | ) ) ) ) | |
| Defendant. | ) | |

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

SUMMARY OF PROCEEDINGS

On September 20, 2006, plaintiff, Lois Combs ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

parties filed a consent to proceed before the magistrate judge. On January 5, 2007, plaintiff filed her opening brief. On January 31, 2007, the Commissioner filed a memorandum in support of defendant's motion for summary judgment and in opposition to plaintiff's motion for summary judgment. On February 6, 2007, plaintiff filed a reply.

## SUMMARY OF ADMINISTRATIVE RECORD

1. <u>Proceedings</u>

On August 4, 2004, plaintiff filed an application for benefits, alleging disability since March 6, 2003 due to pain in back, sides, legs, swelling and high blood pressure. (TR 76-77, 80).[2] The application was denied initially and upon reconsideration. (TR 21-25).

On November 2, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 27). On June 21, 2005, plaintiff, in <u>pro se</u>, appeared and testified before an ALJ. (TR 195-212). The ALJ also considered vocational expert ("VE") testimony. On December 19, 2005, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Act because plaintiff has the capacity to perform a wide range of light work. Thus plaintiff was not eligible for benefits. (TR 12-19). On January 11, 2006, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 185). On July 26, 2006, the request was denied. (TR 5-7). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought

---

[2] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

judicial review in this court.

2. <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1. The ALJ's residual functional capacity ("RFC") assessment lacks the support of substantial evidence; and,
2. The ALJ failed to properly evaluate plaintiff's credibility.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. <u>Macri v. Chater</u>, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance. <u>Sandgathe v. Chater</u>, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to benefits only

4

if the person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

   2.   Issues

      A.   RFC

Plaintiff contends that the ALJ erred in her assessment of plaintiff's RFC and, thus, improperly concluded that plaintiff is able to perform a wide range of light work.[3] Specifically, plaintiff argues that the ALJ erred in failing to obtain an opinion from plaintiff's treating podiatrist and ignores the standing and walking limitations of the consultative and state agency physicians.

The record contains a brief note from Robertson Costillo, Doctor of Podiatric Medicine ("DPM"), dated February 3, 2005. This note essentially states that plaintiff has bilateral plantar facitis which causes her significant pain in both heels. (TR 158). To the extent, if any, that Dr. Costillo can be considered a treating physician, the record is devoid of any record of treatment by him. However, it does reflect diligent attempts by the ALJ to obtain treatment records. Specifically, on August 20, 2004 there was a written attempt to obtain records from CO/H/LA USC Medical Center (where Dr. Costillo apparently practices) from January 2003 to the present and the request was returned with a notation "pt. not found." (TR 152, 158). On July 11, 2005, there was a written request made to Dr. Costillo for all of plaintiff's medical records including plaintiff's history, objective

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The determination that a plaintiff can do light work generally includes a determination that she can perform sedentary work. See 20 C.F.R. §§ 404.1567(b), 416.967(b)

1  clinical findings, diagnosis and prognosis. (TR 181). Moreover, at
2  the June 21, 2005 hearing, plaintiff told the ALJ that she would get
3  the updated podiatrist report after which the ALJ gave plaintiff an
4  addressed envelope and told her to call if she had any trouble. (TR
5  210). The ALJ left the record open after the hearing and sought and
6  received additional records, as well as one letter from plaintiff.
7  (TR 134-37, 181-84, 211). The ALJ's attempt to develop the record in
8  this regard is not flawed by material legal error. See Tidwell v.
9  Apfel, 161 F.3d 599, 602 (9th Cir. 1998); Smolen v. Chater, 80 F.3d
10 1273, 1288 (9th Cir. 1996).

11     Plaintiff also argues that the consultative examiner and state
12 agency physician opined that while plaintiff could lift more than
13 required for light work (50 pounds occasionally and 25 pounds
14 frequently), the 4 hour standing and walking limitation is less than
15 the 6 hours required under social security ruling 83-10 which requires
16 standing or walking, off and on, for a total of approximately 6 hours
17 of an 8-hour workday.

18     First, although the courts often defer to social security
19 rulings, they "do not have the force and effect of the law or
20 regulations." Paxton v. Secretary of Health & Human Servs., 856 F.2d
21 1352, 1356 (9th Cir. 1988)(citation omitted). Second, plaintiff's
22 chief complaints to the consultative examiner did **not** include her foot
23 pain. (TR 138-42). Moreover, the consultative examiner concluded that
24 plaintiff's long term prognosis appeared to be good. (TR 141).
25 Third, the physician in Louisiana who saw plaintiff for her foot pain
26 at the time she claims to have become disabled noted in his records
27 that plaintiff "indicates that her walking ability/tolerance is not
28

limited." (TR 156-57). Fourth, while the sparse medical records do reflect complaints of foot pain, there are lengthy periods of time between medical visits. (See, e.g., TR 107, 110).

The ALJ's determination of plaintiff's RFC is supported by substantial evidence.[4]

### B. Credibility

Plaintiff contends that the ALJ failed to properly analyze her credibility.

The Commissioner's assessment of plaintiff's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Although the ALJ's interpretation of plaintiff's testimony may not be the only reasonable one, if it is supported by substantial evidence "it is not [the court's] role to second-guess it." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

The ALJ may not reject plaintiff's testimony regarding plaintiff's limitations merely because they are not supported by objective evidence. Fair v. Bowen, 885 F.2d at 602. In assessing plaintiff's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering plaintiff's reputation for truthfulness and any inconsistent statements in plaintiff's

---

[4] Plaintiff argues that, at best, she is capable of sedentary work and that her current age would render her disabled under the Commissioner's Medical-Vocational Guidelines. However, at the time of the hearing and the decision she was still defined as a younger individual. 20 C.F.R. §§ 404.1563, 416.963. Moreover, even assuming the ALJ should have considered using the older age category because she was near it, the ALJ did not find plaintiff was limited to sedentary work.

testimony. <u>Id.</u> The ALJ must give specific, convincing reasons for rejecting plaintiff's subjective statements. <u>Id.</u>; <u>See</u> also <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 343 (9th Cir. 1991).

Here, the ALJ found that "among the many" observations being relied on in her conclusion that plaintiff was not credible were her essentially normal daily activities, disregard of medical advice to lose weight, lack of assessed significant limitations by treating physicians, medical reports of improvement, and objective findings of mild pain. (TR 16-17).

These observations are supported by the record. For example, plaintiff reported that she can walk for 1/2 a mile, lift and carry chairs, small-potted plants and light grocery bags, drive, do light housekeeping and that her condition does not affect her ability to care for her personal needs. (TR 91-92,114). She takes over-the-counter medication for her foot pain (TR 97), does not see doctors for long periods of time (TR 110-116) and opines that her foot pain is caused by more walking on concrete that she had done previously. (TR 208). Her treating physician noted that despite her diagnosis it could be expected to improve with conservative care in 6 months and the plaintiff indicated that her walking ability/tolerance is not limited. (TR 156-57).

The ALJ's credibility determination is supported by substantial evidence and free from material legal error.

## CONCLUSION

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. <u>Flaten v. Secretary of</u>

Health and Human Services, 44 F.3d at 1457.

    After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: February 7, 2007

*CAROLYN TURCHIN*

CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

9